NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KAREEM ABDUL BLOCKER, | Civ. No. 23-21208 (RMB-MJS) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| ATLANTIC COUNTY JAIL, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about October 16, 2023, Plaintiff Kareem Abdul Blocker, a pretrial detainee confined in Atlantic County Jail in Mays Landing, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 1.)

2. Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (Dkt. Nos. 1-1 and 1-2.) Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the $350 filing fee and will be granted.

3. Because Plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

5. The defendants to the complaint are Atlantic County Jail, Warden Kelly, and Deputy Warden Carberer. (Compl., Dkt. No. 1.) Plaintiff alleges that beginning July 17, 2023, he has been breathing dust and dirt in the Atlantic County Jail because it is not kept clean, as per State regulations, and there is no ventilation. He further complains of not getting any fresh air because detainees are not allowed outdoors for recreation time. This has exacerbated his headaches, difficulty sleeping, and poor vision. Additionally, Plaintiff is housed or has been housed with three men in a two-man cell, forcing him to sleep near a dirty toilet. Plaintiff brings his claims against the warden and deputy warden because his numerous request slips about the conditions of confinement went unanswered. For relief, Plaintiff seeks damages and injunctive relief. Based on the relief requested, this Court liberally construes the § 1983 claims in

the complaint as brought against Warden Kelly and Deputy Warden Carberer in their individual and official capacities. *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (describing the obligation of district courts to liberally construe *pro se* pleadings). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

6. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from punishment prior to "adjudication of guilt in accordance with due process of law." *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To determine whether conditions of confinement amount to punishment, the test is

> whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of the detention facility officials, that determination generally will turn on 'whether [the disability has] an alternative purpose ... and whether it appears excessive in relation to [that] purpose.' ... Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

*Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008) (quoting *Bell*, 441 U.S. at 538-39.))

Furthermore,

> [i]n determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, courts must heed [the Supreme Court's] warning that such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.

*Id.* at 232 (quoting *Bell*, 441 U.S. at 540 n. 231) (additional citations omitted). The Third Circuit distilled this analysis into a two-part test; "we must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes." *Id.* (quoting U*nion County Jail Inmates v. Di Buono*, 713 F.2d 984, 992 (3d Cir. 1983)). Similarly, when analyzing a conditions of confinement claim under the Fourteenth Amendment, this Court must inquire as to whether the totality of the conditions "'cause [inmates] to endure genuine privations and hardship over an extended period of time, [such] that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Hubbard v. Taylor*, 399 F.3d 150, 159–60 (3d Cir. 2005) (quoting *Union County Jail Inmates*, 713 F.2d at (additional citations omitted)).

7. Plaintiff does not allege that the dust, dirt, lack of ventilation and overcrowding in jails cells are conditions imposed for the purpose of punishment. Such conditions are related to the legitimate governmental objective of operating a

4

county jail with a limited budget and resources. That does not end the matter because pretrial conditions may constitute punishment if the condition is excessive in relation to the legitimate governmental objective. The unsanitary and overcrowded conditions Plaintiff has described are not of such magnitude to constitute a genuine privation and hardship over an extended period of time to find that they constitute punishment. Therefore, the Court will dismiss the claims against Warden Kelly and Deputy Warder Carberer without prejudice.

8. Plaintiff has also alleged that he has not been provided with any outdoor recreation time. Although Plaintiff alleges there is no reason for this condition, it is not clear whether Plaintiff merely disagrees with the reason he was provided or no reason was given. Based on the nature of the Due Process analysis, the Court will dismiss this claim without prejudice. Plaintiff may reallege the claim by including additional facts to permit the Court to evaluate whether the condition of denying outdoor recreation time to pretrial detainees serves any legitimate governmental interest, and, if so, whether Plaintiff's lack of outdoor recreation time amounted to a genuine privation and hardship over an extended period of time.

9. "[A] jail is not a 'person' subject to suit under § 1983." *Harvey v. Gloucester Cnty. Jail*, No. CV181797RBKJS, 2018 WL 4735738, at *2 (D.N.J. Oct. 2, 2018) (collecting cases). Therefore, the Court will dismiss the § 1983 claims against Atlantic County Jail with prejudice.

10. In conclusion, this Court will grant Plaintiff's IFP application and dismiss his § 1983 claims against Warden Kelly and Deputy Warden Carberer without

prejudice for failure to state a claim upon which relief may be granted; the Court will dismiss the § 1983 claims against Atlantic County Jail with prejudice. Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated: **April 9, 2024**

                                  Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  Chief United States District Judge